**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10465 |
| Plaintiff - Appellee, | D.C. No. 3:89-cr-00010-SI-4 |
| v. | |
| LIONEL SCOTT HARRIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Submitted December 8, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

Lionel Scott Harris timely appeals his conviction in absentia. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion in failing to give the two requested jury instructions. *See United States v. Chastain*, 84 F.3d 321, 323 (9th Cir. 1996). A district court "has broad discretion" in formulating appropriate jury instructions. *United States v. Hayes*, 794 F.2d 1348, 1351 (9th Cir. 1986). Additionally, a defendant is not entitled to a particularly worded instruction where the instructions given, when viewed as a whole, adequately and correctly cover the substance of the requested instruction. *United States v. Solomon*, 825 F.2d 1292, 1295 (9th Cir. 1987).

In light of the standard credibility instructions given, the court's refusal to give the requested *Falsus In Uno, Falsus In Omnibus* instruction[1] was not an abuse of discretion. *See Hayes*, 794 F.2d at 1351. Furthermore, it was not plain error to refuse a no-adverse inference instruction because the jury was instructed that Harris was presumed innocent and not required to testify, and Harris absconded during his trial.

Under plain error review, Harris did not identify particularly egregious statements by the prosecutor that seriously affected the "fairness, integrity or

---

[1] 1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 15:06 (6th ed. 2008).

public reputation of [his] judicial proceedings." *United States v. Sanchez*, 659 F.3d 1252, 1256 (9th Cir. 2011) (citation and internal quotation marks omitted).

**AFFIRMED**.